McKinney, J.,
delivered-the opinion of the Court.
This was an action of trovar, to recover the value of a quantity of goods, wares and merchandise, specifically described in the declaration, amounting in value to upwards of $2000, as procured from the plaintiffs, in the city of New York, by fraud, under color of a contract of purchase made by one Davis; and afterwards received from him, at Memphis, by the defendant and others, with full knowledge, as is alleged, of the fraudulent means by which they were obtained from the plaintiffs. Judgment was for the defendant in the Circuit Court, and an appeal in error to this Court.
The principles of law applicable to this case, except as to one point, were recently laid down in Arendale v. Morgan, 5 Sneed, 703.
The new point presented in the case under consideration, arises upon the instruction of the Court, to the effect, that if the defendant had sold the goods, and had not the possession or control of them, at the time *672 the plaintiffs elected to avoid the sale to Davis, and to reclaim the goods, he would not he liable in an action of trover.
In one aspect of the case, this instruction was erroneous. If the defendant, in good faith, made a valid purchase of the goods from Davis, in ignorance of the fraudulent means by which the latter had gained the possession of them from the plaintiffs, then, upon the principle of the case of Arendale v. Morgan, no action could be maintained against him by the plaintiffs. ’ But, if he received the goods with notice of the fraud of Davis in obtaining them; or, under circumstances sufficient to have put him on inquiry; or failed to place himself upon the footing of a bona fide purchaser, for a valuable consideration paid for them; then, by the very act of receiving the goods, under such circumstances, and appropriating them to his own use, he was, in law, guilty of a conversion. And this is so, although his pretended purchase' may have been before the plaintiffs tools any step, or made known their determination to reclaim the goods. Being affected with notice of the fraud of Davis, he was chargeable with knowledge of all the legal consequences of such fraud, and cannot excuse his wrong upon the flimsy pretext, that, perchance, the plaintiffs might acquiesce in the fraud, and abandon their legal right to treat the sale as a nullity, and reclaim the goods.
If it were admitted to be true, that a purchase of goods, in good faith, from one who had no right to sell them, is not of itself a conversion of them, as against the rightful owner, until his right has been *673 made known and resisted; the admission would he of no avail in the present case.
The case of Edwards v. Hooper, 11 Meeson and Welsby’s Rep., 362, does not touch the question in this case. That was a case under the bankrupt laws. The conversion had, in fact, taken place before the bankruptcy, but the plaintiffs in the declaration alleged a conversion after the bankruptcy,' assuming that the property in the goods, and not the right of action merely, was .vested in the assignees. And it was correctly held that the plaintiffs could not recover; and that, as the conversion was before the bankruptcy, a demand and refusal of the goods after the bankruptcy, and after the possession of them had previously been parted with by sale, would not entitle the plaintiffs to recover; that it would not support the allegation of a conversion subsequently to the bankruptcy.
It might be conceded, that, in a case where the party had not become chargeable with a conversion, either by the act of receiving or disposing of the goods; that a demand and refusal, after they had been parted with, would not be sufficient evidence to support an action of trover. In such case, the presumption of a conversion, arising ordinarily from refusal to deliver on demand, might be repelled by showing that, at the time of demand, the goods were not in the defendant’s possession, or subject to his control. But this principle can have no application to a case, where, by the act of receiving and appropriating the goods to his own use, the party was guilty of a conversion of them. It would-be absurd to hold, that his own voluntary act of parting with the goods, before demand »by the lawful owner, *674 should operate to discharge him of the liability -with which he had become previously fixed.
For the error of charge upon this point, the judgment must be reversed.